

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JD:JPL
F. #2014R01437

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

<span style="color:blue">RECEIVED

AUG 0 2 2016

Chambers of
I. Leo Glasser
United States District Judge</span>

August 2, 2016

By E-mail

Jeremy Neiss
United States Probation Officer
147 Pierrepont Street
Brooklyn, New York 11201

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ OCT 1 7 2015 ★

BROOKLYN OFFICE

      Re:    United States v. Oswald Lewis,
             Criminal Docket No. 14-523 (S-2) (ILG)

Dear U.S.P.O. Neiss:

      On July 29, 2016, the United States Probation Department issued a Presentence Investigation Report ("PSR") in the above-captioned case. The government hereby makes the following factual and legal objections to the PSR:

      As to paragraph 14, the defendant made numerous post-arrest statements to law enforcement concerning, in sum and substance: (i) properties including residences and nightclubs that he owns in his wife's name; (ii) a dead body that was buried in the backyard of one of his properties; (iii) ownership of one or more additional firearms and a bulletproof vest that he stored at his wife's home in New Jersey; and (iv) an admission that he stabbed someone in one of his nightclubs who he believed was engaged in an intimate relationship with his wife.[1]

      The government also hereby proposes the following recalculation of the applicable United States Sentencing Guidelines ("USSG"):

---

    [1] The defendant's post-arrest statements to law enforcement are set forth more fully in exhibits to his July 15, 2015 pre-trial motion to suppress these, and other, statements. (See ECF Docket No. 38, Exhibits A and B). Ultimately, the government agreed to not seek to introduce these statements in its case-in-chief against the defendant (see ECF Docket No. 39, pp. 7-8), and, based upon the agreement between the parties, the defendant withdrew his motion to suppress. (See ECF Docket No. 40).



Count Three: Assault on Federal Officers

|  |  |  |
|---|---|---|
| Base Offense Level (§ 2A2.2(a)) | | 14 |
| Plus: | Convicted Under 18 U.S.C. § 111(b) (§ 2A2.2(b)(7)) | +2 |
| Plus: | Official Victim (§ 3A1.2(c)(1)) | +6 |
| Plus: | Use of Body Armor (§ 3B1.5(2)(B)) | +4 |
| Count Three Total:[2] | | 26 |

Count Four: Assault on Police Detectives Assisting Federal Officers

|  |  |  |
|---|---|---|
| Base Offense Level (§ 2A2.2(a)) | | 14 |
| Plus: | Convicted Under 18 U.S.C. § 111(b) (§ 2A2.2(b)(7)) | +2 |
| Plus: | Official Victim (§ 3A1.2(c)(1)) | +6 |
| Plus: | Use of Body Armor (§ 3B1.5(2)(B)) | +4 |
| Count Four Total:[3] | | 26 |

Count Five: Unlawful Use and Possession of a Firearm

|  |  |
|---|---|
| Base Offense Level (USSG § 2K2.4(b)) | 10 years |
| Count Five Total: | 10 years |

---

[2] Pursuant to USSG § 2K2.4, cmt. 4, because the defendant was convicted of Unlawful Use and Possession of a Firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Five), the specific offense characteristic enhancement for discharging one or more firearms in connection with the assaults (USSG § 2A2.2(b)(2)(A) (increasing by 5 levels)) does not apply. (Compare PSR ¶¶ 32 and 39).

[3] See footnote 2, supra.

Count Six: Felon in Possession of a Firearm

| | |
|---|---|
| Base Offense Level (§ 2K2.1(a)(3)(A)(i) and (B))[4] | 22 |
| Plus:   Obliterated Serial Number (§ 2K2.1(b)(4)(B)) | +4 |
| Plus:   Use of Body Armor (§ 3B1.5(2)(B)) | +4 |
| Count Six Total:[5] | 30 |

Count Seven: Fugitive in Possession of a Firearm

| | |
|---|---|
| Base Offense Level (§ 2K2.1(a)(3)(A)(i)) | 22 |
| Plus:   Obliterated Serial Number (§ 2K2.1(b)(4)(B)) | +4 |
| Plus:   Use of Body Armor (§ 3B1.5(2)(B)) | +4 |
| Count Seven Total:[6] | 30 |

Count Eight: Possession of a Firearm With Obliterated Serial Number

| | |
|---|---|
| Base Offense Level (§ 2K2.1(a)(3)(A)(i)) | 22 |
| Plus:   Use of Body Armor (§ 3B1.5(2)(B)) | +4 |
| Count Eight Total:[7] | 26 |

---

[4] The defendant's Ruger 9-millimeter semiautomatic handgun was equipped with a "large capacity magazine" capable of accepting more than 15 rounds of ammunition. (Trial Testimony of New York City Police Department ("NYPD") Detective William Brado, T. 343:19-23; see USSG § 2K2.1, cmt. 2).

[5] Because the offense level for using or possessing the firearms in respect to the commission of the assaults, pursuant to USSG § 2X1.1 (Attempt, Solicitation, or Conspiracy), is not greater than 30 levels, USSG § 2K2.2 applies.  (See USSG § 2K2.1(c)(1)(A); compare PSR ¶ 46).

[6] See footnote 5, supra.

[7] Because the offense level for using or possessing the firearms in respect to the commission of the assaults, pursuant to USSG § 2X1.1 (Attempt, Solicitation, or Conspiracy), is not greater than 26 levels, USSG § 2K2.2 applies.  (See USSG § 2K2.1(c)(1)(A); compare PSR ¶ 46).

| Grouping Analysis (§§ 3D1.2, 3D1.3 and 3D1.4) | Units | Level |
|---|---|---|
| Count Three | 1 | 26 |
| Count Four[8] | 1 | 26 |
| Counts Six through Eight[9] | 1 | 30 |
| Highest Offense Level | | 30 |
| Adjustment for Multiple Units (§ 3D1.4(a)) | | +3 |
| Combined Adjusted Offense Level | | 33 |

Accordingly, based upon a total Combined Adjusted Offense Level of 33 and Criminal History Category I, the guidelines imprisonment range is 135 to 168 months *plus* 10 years (i.e., 120 months) to be served consecutively. Consistent with the above recalculation, the government proposes further amendments to the PSR as to paragraphs 32, 37, 39, 44, 46, 48, 49, 51, 54, 55, 56, 57, 60 and 99.

The defendant is scheduled to be sentenced on Thursday, August 11, 2016 at 11:00 a.m. If you have any questions, please do not hesitate to contact me.

Very truly yours,

ROBERT L. CAPERS
United States Attorney

By: _____/s/_____
Jonathan P. Lax
Assistant U.S. Attorney
(718) 254-6139

cc:    Oswald Lewis, Defendant (Pro Se) (By Certified Mail)
       Clerk of the Court (ILG) (By Hand)

---

[8] Because the victim(s) of Counts Three and Four are different (Deputy U.S. Marshals and NYPD Detectives, respectively), Counts Three and Four do not group together. (See USSG § 3D1.2; compare PSR ¶ 54).

[9] The government submits that there are no "specified individuals" who are victims of the felon in possession of a firearm, fugitive in possession of a firearm, and/or possession of a firearm with an obliterated serial number offenses (Counts Six through Eight) and, therefore, USSG § 3A1.2 (official victim) does not apply to these counts. (See USSG § 3A1.2, cmt. 1; compare PSR ¶ 48).

4