TRULINCS 85350053 - LEWIS, OSWALD - Unit: BRO-J-C

---

FROM: 85350053
TO: Evans, Tony; Lewis, Arlene
SUBJECT: ADJUSTED GUIDELINE AND GROUPING ANALYSIS (~~$107~~)
DATE: 09/25/2016 05:21:54 PM

USSG APPLICATIONS:
The Guideline calculation range is arbitrary and capricious and disregards the applicable guidelines section. The proposed enhancements boost the offense level more than 12 levels over the applicable offense level. The enhancement creates a cumulative effect and overlapping, that violates the Sixth Amendment and does not reflect the accurate offense characteristics. USSG prohibits enhancements on false or misleading applications of enhancements, or applying the Guideline section that does not adequately reflect the conduct and the offense charge in the indictment or information. The PSR sentence range is base on enhancements, that do not apply creating a punishment even more serve than a Arm Career Criminal offender, or where a serious, heinous offense conduct and aggravated circumstances occurred. Using the cross reference section or ( attempt solicitation conspiracy) to enhance penalty, can create arbitrary enhancements that can violated the USSG, Apprendi, and the Six Amendment, if applied outside the convicted offense conduct. A persons who's liberty is at stake most be properly sentence in accordance with the United State Sentencing Guidelines. Category 1,counts 3,4,5,6, and 8 would have an applicable Guideline offense level of 21,and is the appropriate offense level for the defendants case. The District Court is required to consider only conduct charged in indictment. United States V. Glover 531 U.S. 198, 148 L.ED 2D 607,611,121 S.CT 696(2001). See United States V.HICKS 4 F.3d 1358 (6th cir 1993). Cumulative adjustments for subdivisions may not exceed the maximum allowed in accordance with the United States Sentencing Guidelines.

USSG Application instructions general application principles are to apply appropriate specific offense characteristics. To be consistent with 1B1.2 Applicable Guidelines the PSR must apply the offense conduct charge in the count of the indictment or information of which the defendant was convicted. However, in a case of a plea agreement made were a written or made orally on the record stipulation that establishes a more serious offense than the offense of conviction, then the offense guideline section can be change to the more serious stipulated offense. The guideline (2A2.2) is incorrect.
Furthermore, the jury did not convict the defendant on Aggravated Assault. The jury conviction was assault on federal officers and assault on NYPD assisting federal officers, with the already included enhanced penalty 111(b). If the defendant was convicted of attempted murder then USSG 2A2.2 applies, if there's a finding of aggravate circumstances in the offense conduct. The governments 111(b) 2 level enhancement should not apply in a case where enhanced penalties for assault already has been automatically applied in accordance with statue of conviction. Appling USSG 2A2.2 and 111(b) for the same offense may create overlapping. USSG 2A2.2 requires more than minimal planning. The background for USSG 2A2.2 also applies to attempted murder. Also See Cooper 42 f.3d at 758  2nd cir comment c.n.2 .

The government failed to charge aggravating circumstances in the indictment, or instruct the jury on aggravating circumstances and the jury did not reach verdict on aggravating circumstances. The defendant has submitted overwhelming evidence of the mitigating circumstances and police own reports confirm this fact. Aggravated Assault requires More than minimal planning under USSG 2A2.(b)(7) See LEON BRADY 928 F. 2D 844 U.S APP LEXIS 4187.

USSG 2A2.2 (Aggravated Assault).
SEE USSG  BACKGROUND (2A2.2) Aggravated Assault. The defendants case lacks overwhelming evidence supporting statutory aggravating factors requirements. The use of aggravating assault enhancement evidence was insufficient to satisfy cruel, planning or heinous conduct factors for an aggravated assault. Furthermore the government failure to include the aggravating assault in the jury instructions or the indictment, when U.S.C 111 SECTION 111(b) is an already enhance penalty that includes the use of dangerous weapon. The aggravated assault Guideline (2A2.2) would clearly result in the wrong offense characteristic and overlapping. USSG 2A2.4 Assault obstructing impeding officer in line of his official duties is clearly the offense characteristics charged in the indictment and instructed to the jury.

The Second Circuit states: 2A2.2 (b)(1) requires more than minimal planning. The focus of the enhancement is not on the degree of the defendant's involvement but rather on the nature of the offense. See sentencing: Second Circuit Handbook. United States V. Rosen 409 f.3d 535, 552  (2d cir 2005). USSG 2A2.2 applies when more planning than is typical for commission of the offense in a simple form. USSG 2A2.2 will apply if significant affirmative step were taken to conceal the offense. Other than conduct that would be considered obstruction of justice USSG 2A2.2 may apply whenever the offense conduct involved repeated acts over a period of time. See Aggravated Assault 2A2.2. comment (n.2). Also aggravate assault was never apart of the count in the charge offense. Finally the defendant's offense conduct involved, yelling and screaming for help which is not consistent with aggravated conduct, but more consistent with a presence of mitigated circumstances.

USSG 3D1.2 allows the grouping of counts involving substantially the same harm. The Government seeks to group count 3 and

TRULINCS 85350053 - LEWIS, OSWALD - Unit: BRO-J-C

----------------------------------------------------------------------------------------------------

count 4 as a separate group is inapplicable. Under USSG 3D1.2(c) Grouping Analysis on count three and count four, should be group as 1 unit, thereby the grouping analysis of count 3 and count four must be grouped together as required by 3D1.2(c) USSG Grouping Analysis. The United State Sentencing Guidelines States: Guideline application Factors that are appropriate to the determination of whether offenses are sufficiently connected or related to each other to be considered as part of the same course of conduct include the degree of similarity of the offense the time interval between the offense. If the offense was part of the same single episodic event, same incident and the victim share the same commonality, and involve substantially the same harm, then they are to be group together. NYPD were assisting Deputy marshals in the performance of their official duties and are considered federal officers acting under title 18 U.S.C 111 for the purpose of warrant execution therefore they are one in the same for that matter, and should be group together as a single unit pursuant to USSG 3D1.2(c) Group Analysis. See Glover V. United States 531 U.S 198, 148 L.ED 2.d 607,611 121 s.ct. 699 (2001).

The U.S.S.G 3D1.2 (C),(d) the application note accompanying 3D1.2 provide insight into the meaning of the provisions terms Application notes 5 explains that the grouping of crimes sharing specific offense characteristics under subsection(c) prevents double counting of criminal behavior. U.S.S.G 3D1.2 cmt n5. It requires, however, that the crime qualifying for such grouping be closely related USSG 3D1.2 cmt n.5. Application note 6 likewise clarifies subsection (d) explaining that the crime involved in a single group should be of the same general type, and instructing Courts to interpret this phrase broadly.USSG 3D1.2 cmt n.6.

Grouping of closely related counts three counts four counts five count six count eight are closely related for the purpose of sentencing. And should have been group with all counts to combine like offenses so as to prevent multiple punishment or double counting for substantially identical offense conduct see United State v. hines 26 f.3d 1469,1475(9th cir 1994).Under subsection(c) multiple counts are considered to involve substantially the same harm and therefore require grouping when one of the counts embodies conduct that is treated as a specific offense characteristic in or other adjustment to the guideline application to another of the counts USSG 3D1.2. in apposite example, the commentary to the Guideline states that unlawful use of a firearm in bank robbery and unlawful possession of that firearm are sufficiently related to warrant grouping USSG 3D1.2 Application note 5. Accordingly the unlawful use of firearm and possession of firearm is grouped with assault because the conduct embodied in possessing a firearm and its unlawful use is substantially identical to the specific offense characteristic of possessing and using that firearm during an assault. See Ladner v. United States, 358 U.S 169, 79 S.ct. 209,3 L.Ed 2d 199 / see also U.S. V. JONES 989 f. 2d 42 (1993).

The firearm and unlawful use of a firearm during assault on federal officers, are grouped in three respects:(1) the firearm was possessed and the unlawful use was during the commission of the charged offense conduct of assault. (2) charges were for felon in possession, and (3) its serial number was obliterated. The grouping of the first two factors is mandated by Application note 5. This is simply another means of avoiding double counting. See 2k2.4 Application note 2. The record establishes that defendant possessed and use a firearm during the charged and convicted offense of assault. Therefore we need not decide whether grouping would be required. As to possession of firearm with an obliterate serial number it can be argued that the same 3D1.2 (C) grouping analysis should apply because the conduct embodied in possession of that firearm is treated as a specific offense characteristic of assault. It is not clear, however that application of the Guideline to the offense of assault on federal officers in line of there official duties, takes into account the fact that the firearm used had an obliterated serial number. The possession of a firearm with an obliterated serial number should be grouped with possession of a firearm by felon. Application note state we must not adopt the wrong analytical test in multiple counts.it states: firearm offense contemplate continuing behavior are group together.see USSG.3D1.2 APPLICATION NOTE 6.

To satisfy the specific evidence requirement, the Guidelines regime and the harsh sentence they produce heightened the importance of the type of proof upon which sentencing enhancements may be based, the standard of proof to be applied, and the constitutional limits on government's ability to enhance punishment based on conduct that does not constitute an element of the offense of conviction United States V. Shonubi 11 998 f.2d at 89-90 were offense of conviction amounted only to surmise and conjecture and thus impermissible.

The Supreme Court has recognized that, in limited circumstance, when a defendant is ignorant of the official status of his assailant, self defense may be justified response to police action such that a defendant may not be guilty of assaulting federal officers, in violation of 18 U.S.C 111 the government cites United State V.Feola 420 U.S 671, 685(1975). The Guideline, unlike the statue, requires that the defendant know that he is assaulting and official victim 3A1.2 (b). See United States V.Hoffer (S.D.N.Y) 680 f supp 673(1988). Offense conduct showed by clear and convincing evidence, the defendant use reasonable force in his own defense. united states v. Corrigan(1977, CA10 WYO)548 F. 2D 879. Court held you cant find that a forcible assault occurred if you believe that the defendant acted only on a reasonable good-faith belief that it was necessary to protect against an assault by a private citizen and you have a reasonable doubt that the defendant knew the person was a federal officer. See ABA STANDARD 15-4. 18 U.S.C 111 INSTRUCTIONS. see Cirilo-Munozo v. US 404 F. 3D 527, 530-535(1ST CIR 2005). Title 18 U.S.C. statue 111 requires instructions for the jury to be allowed to know the above factor. The government's requested instructions Document 89 1:14cr-00523-ILG filed 2/29/2016 adapted from 14-4 and portions of sand modern federal

TRULINCS 85350053 - LEWIS, OSWALD - Unit: BRO-J-C

----------------------------------------------------------------------------------------------------

jury instructions. The applicable instructions was omitted although government agree that the defendant showed evidence of a defense and the government show evidence to refute the defendant's argument the instructions should have been given to the jury to decide beyond a reasonable doubt.

The second circuit has held that the Guidelines use of the term willfully implies a requirement that the defendant's conduct be accompanied by a specific intent to obstruct justice, United States V. Defeo, 36 F. 3D 272,276 (2D CIR 1994) When a defendant raises an issue as to the state of mind with which he engaged in the allegedly obstructive conduct, the sentencing court must make a specific clear and reviewable finding that the purpose of obstructing justice before it may apply the enhancement. United States V. Reed 49 f. 3d 895 900-01 (2d cir 1995).

TRULINCS 85350053 - LEWIS, OSWALD - Unit: BRO-J-C

----------------------------------------------------------------------------------------------------

FROM: 85350053
TO: Evans, Tony; Lewis, Arlene
SUBJECT: OFFENSE COMPUTATIONS PAGES (8 TO 11)
DATE: 09/25/2016 05:31:32 PM

APPLICABLE GUIDELINE APPLICATIONS:

The defendant respectfully request the computations, below to apply to defendant's criminal history category (1) and the applicable Guideline offense level of 21, to Guideline range of 37-46. The PSI grossly overstated offense and used enhancement that violates the USSG Manuel and the defendant's Six Amendments right and does not reflect the true offense conduct charged in the count of indictment or information of which the defendant was convicted. Accordingly, enhancements in this case, that do apply are given a higher offense level and should be adjusted to reflect the offense conduct supported by the facts of the offense conduct and by the language in the charging documents to determine the appropriate Guideline and base offense level calculations. Below, kindly find the applicable adjusted calculations that apply under the United States Sentencing Guidelines.

USSG:2A2.4
_____
The Correct application Guideline section pursuant to Guideline 1B1.2. is USSG 2A2.4. Obstructing impeding an officer while engaging in their official duties. This is what the defendant, was charged in the count of indictment, and what was charged to the jury and what the conviction was based on. As a result an adjustment of base offense level 10 under USSG 2A2.4 would apply with a 3 level enhancement for unlawful use of firearm brining the adjusted base offense level to 13. Not 14 under USSG 2A2.2 Aggravated Assault, which structure follows 2A2.1 assault with intent to commit murder, attempted murder, serious bodily injuries planning or be committed for hire. The defendant's was charge and convicted of the specific offense characteristic of assault on federal officers, impeding resisting opposing.... and assault on NYPD assisting federal officers. Obstructing impeding officer... which incorporates the fact that officers was performing official duties. The defendant's calls for help immediately after firing into the AC unit, reduced the gravity of the offense. The concrete evidence was found in the conclusive evidence of the firing into the AC unit. The sentencing Court should make a factual finding about the defendant's mental state and review vague aggravating factors against mitigating circumstances. Shockingly evil or grossly bad Aggravating factors did not exist in the instant case. Therefore Guideline 2A2.2 offense characteristics is inapplicable.

GROUPING ANALYSIS
_____
Count three and counts four are to be Group together. Under 18 U.S.C 1114 and 111 a federal officer includes a state law enforcement officer acting in cooperation with and under control of federal officers in a matter involving the enforcement of federal laws. NYPD may be considered federal officers for the purposes of section 111 and 1114. see also United States V. Luna 649 f. 3d al 98-99 (1st cir 2011).

OFFICIAL VICTIM 3A1.2(c)(1)
inapplicable to guideline requirements.
_____
Sentencing Guideline 3A1.2 Prescribes enhancement's if the offense was motivated by a person's official status. Application of this enhancement is prohibited on double- counting grounds only if the offense guideline specifically incorporates the official victim factor 3A1.2(b).The defendant must know or have reasonable cause to believe the victim is an officer, a belief that he might be one is insufficient, United State V. CASTILLO 924 F.2d 1227, 1235-36(2d cir 1991).
USSG 3A1.2 (C)(1) require a higher level of culpability. United States V. Woody Ca7 111 55 f. 3d 1257. Cirilo-munozu v. U.S 404 F.3D 527,530,535 (1ST CIR 2005). Also see Lewis00000734. Also see United States V. Hampton 346 f.3d 813 (2003) USSG 3A1.2 does not apply where defendant engaged in reckless behavior. The defendant has submitted substantial evidence of USM in plain clothes. See also sprint reports of chronological radio 911 calls. For victim related adjustment an increase in punishment under federal sentencing guidelines should be given only when the defendant knew or should have known that the victim bore a particular characteristic under USSG 3A1.1. 1.2. (See exhibit 1 )

Section 111(b) was used in cases for an enhanced penalty if the defendant "inflicts bodily injury" on the officer the first court to consider the definition of the term "inflicts" sixth circuit in United States V. Zabawa, held that this requires more than proximate cause and so requires a sense of physical immediacy: to cause harm directly, by physical force.

Courts should make a specific clear reviewable finding before it seeks to apply enhancement where defendant raises a preponderance of evidence as to status of officer. Unlike the statue the Guideline states defendant must know victim status and

TRULINCS 85350053 - LEWIS, OSWALD - Unit: BRO-J-C

---

be motivated by the official status in the offense conduct in order for this enhancement. Applying this enhancement would be an unfair application of the United States Sentencing Guideline. Also see Unite States V.young CA5 T US APP LEXIS 10858 (2006). United States v. Rodriguez-Mesa 443 f.d 397 (2006).The Second Circuit hand book and case law clearly established the requirements for official victim and USSG 1B1.2, advise us, that the applicable Guideline should be base on the count of the indictment and conviction. Finally the defendant's offense level is mainly increased by enhancements and not conduct charged in indictment or determine by a jury's conviction.

The appellate Court distinction between guidelines and statues interpretations' correct application usage to avoid review under 18 U.S.C. 3742 stated assault resisting impeding, certain officers or employees while engaged in or on account of the performance of official duties, 18 U.S.C 111, 1114 Guideline 2A2.4, 3A1.2 all incorporate official duties concerning statue or guideline.

Role adjustment - 3B1.5 (2)(a) -2 LEVEL adjustment. Use of body armor during offense. There was no avoiding apprehension. The transcript duplication of arrest testimony corroborates this fact.

Official victim status 3A1.2(c)(1) -6 LEVEL adjustment. Inapplicable because its already incorporated in Guideline section USSG 2A2.4 and may be the reason for not applying it simply because the six level increase would not apply.

Aggravated Assault 2A2.2-2 -2 LEVEL adjustment inapplicable base on 1B1.2 applicable guideline usage 2A2.4 in the count of indictment. which was assault on officers impeding resisting.... in line of his official duties.

section 111(b) enhanced penalty -2 LEVEL adjustment. Overlapping enhancement already included in 111 statue. see United States v. Neal 27 f. 3d 1035(5th cir 1994). Cumulative sentence wrongfully imposed for defendant's multiple convictions resulting from a single act was vacated. McDaniel 550 f.2d 214 11th cir (1977).

It is further understood that the Guideline are not binding on the Court. The defendant acknowledge that the court may impose any sentence up to and including the statutory maximum and minimum sentences. The term of imprisonment according to the grouping analysis should be run concurrent on all counts. With respect to count eight the defendant respectfully ask court to considered the Rule of lenity here for sentencing purposes since penalty provision under 18 U.S.C. 922(k) knowledge requirement the essential element was not included in the jury instruction. The jury did not find defendant guilty beyond reasonable doubt on all the elements of the offense of obliterated serial number count. The second circuit knowledge requirement is a provision of 922(k).The defendant respectfully requests that the Court include the following corrected Guidelines and enhancements applications to reflect the fair offense characteristics of the instant case.

OFFENSE COMPUTATIONS:

| | |
|---|---|
| Base offense level (2A2.4) | 10 |
| Use of body armor(3B1.5(2)(A) | +2 |
| role adjustment per Guidelines 3B1.5.2.B | -2 |
| Use of firearm | +3 |
| Count Three Total | 15 |

COUNT FOUR: ASSAULT ON POLICE DETECTIVE ASSISTING FEDERAL OFFICERS

| | |
|---|---|
| Base offense level (2A2.4) | 10 |
| Use of body armor (3B1.5(2)(A) | +2 |
| role adjustment per Guidelines 3B1.5.2.B | -2 |
| Use of firearm | +3 |
| Count four total | 15 |

COUNT FIVE: UNLAWFUL USE AND POSSESSION OF FIREARM

Case 1:14-cr-00523-ILG   Document 160   Filed 10/17/16   Page 6 of 17 PageID #: 2011

TRULINCS 85350053 - LEWIS, OSWALD - Unit: BRO-J-C
----------------------------------------------------------------------------------------

Base offense level (2k2.4(b))

COUNT SIX: FELON IN POSSESSION OF FIREARM

Base offense level (2K2.1(a)(1))                16

COUNT SEVEN: FUGITIVE IN POSSESSION OF FIREARM

Base offense level                              +0

COUNT EIGHT: POSSESSION OF FIREARM WITH OBLITERATED SERIAL NUMBER

Base offense level                              +4

GROUPING ANALYSIS 3D1.2 (c)   UNIT    LEVEL

COUNT THREE TO COUNT EIGHT    1       16

HIGHEST OFFENSE LEVEL                 20

ADJUSTMENT FOR ALL COUNTS 3D1.2(c)    +1

TOTAL BASE OFFENSE LEVEL              21

The existence of mitigating circumstances precludes the usage of the four enhancements.(1) USSG 2A2.2 were Government never ask jury to consider aggravating factors.(2) The USSG 3B1.5.(2)(b) enhancement role did not involved avoiding apprehension the defendant was injured and complied to his arrest. In this case the body armor implied a concern for defendant's own safety, it did not imply that he himself posed a threat to others.(3) The section 111(b) creates overlapping offense arising out of the same offense conduct. See overlapping punishment for same act. United States v. Neal 27 f.3d 1035 (5th cir 1994).(4) Unlike the statue the Guideline states defendant must know victim and be motivated by the official status of officer. Castillo 924 f.2d 1235-36 (2d cir 1991). Also 2A2.4 the official status is incorporated in the guideline. USSG 2A2.2 Guideline would be inapplicable when applied to the applicable Guideline 2A2.4 the accurate offense characteristic Guideline section applicable to 1B1.2. Appling the above enhancements would be an inappropriate application of the United States Sentencing Guidelines.

A firearm related offense involving a shooting cannot be proven absent a showing of a discharge. There must be physical evidence, ballistic evidence of impact or loose shell casings related to firearms and directly related to the offense There is no showing, of evidence of any kind inside the apartment towards the front of the apartment. The shooting simply did not happen. The Government could not prove shooting by testimony in a firearm related offense where no physical evidence exist.

Finally, the Supreme Court held that any fact other than a prior conviction, that increases the prescribed statutory maximum penalty to which a defendant is exposed must be submitted to a jury and proven beyond a reasonable doubt APPRENDI V. NEW JERSEY 530 U.S 466,409 147 L.Ed 2d 435.

No limitation on what can constitute a mitigating factor for sentencing, Circumstances of the offense created factors by a preponderance of evidence to explore and consider such mitigating circumstances in its determination for sentencing.

Applicable Second Circuit case law:

(1) The offense was an aberration. Zecevic V. united states parole comm... 163 f.3d 731 735-36 (2d cir 1998 ).
(2) The defendant was under duress/coercion. Amor 24 f.3d at 434-38- (2d cir 1994).
(3) Cumulative effect of overlapping Adjustment. Lauersen 348 f.3d 329 (2d cir 2003).

TRULINCS 85350053 - LEWIS, OSWALD - Unit: BRO-J-C

----------------------------------------------------------------------------------------

(4) Combination of factors.Rioux 97 f.3d at 663, see. (c) comment (n.2).
(5) The defendant showed rehabilitation. United States V. Workman 80 f.3d 688 (2d cir 1996).
(6) There was a strong provocation that exist. United State v. Zayac 765 f.3d 112,(2nd cir 2014). (See exhibit 2)
(7) The defendant suffered permanent injuries.(See exhibit 3)

DateTime:20140826231130ED
EMSOperatorNumber:4226 UnitId:54U1 UnitType:ALS
RouteFlag:N Comments:

| Time | Date | Terminal | ID | Comment |
|---|---|---|---|---|
| 23:11:52 | 8/26/2014 | ps1-d43 | 329445 | Route=CWA, PCT=NYC, Sector=NYC, P=2, Primary Member=0, Current=T, Open =F, Type=10S2-INVESTIGATE/POSSIBLE CRIME: SHOTS FIRED/OUTSIDE, Open/Curent=F |
| | | | | EVENT CLOSED |
| | | | | Disposition Assigned=CANCELEV |
| 23:11:56 | 8/26/2014 | ps1-d44 | 337972 | EVENT COMMENT=Event X14082628596 has been displayed by the covering dispatcher |
| | | | | ** >>>> by: 337972 at 08/26/14 23:11:56 on terminal: ps1-d44 |
| 23:12:19 | 8/26/2014 | ps1-d30 | 338669 | EVENT COMMENT=AUTH113 SQUAD CO ADVG SHOTS AT AND BY MOS --- NO INJRS TO MOS ---- ALL ACCOUNTED FOR |
| 23:13:07 | 8/26/2014 | ps1-d30 | 338669 | EVENT COMMENT=AUTH OF113SQUAD CO ADVG OUT AT LOC WITH UNITED STATES MARSHALLS -- MARSHALLS ARE IN PLAIN CLOTHES |
| 23:13:18 | 8/26/2014 | ps1-d45 | 351098 | Route=SOD, PCT=0, Sector=ESB9, St=Assigned, P=2, Primary Unit=0ES9T, Primary Member=0, Current=F, Open =T, Type=10S2-INVESTIGATE/POSSIBLE CRIME: SHOTS FIRED/OUTSIDE, Open/Curent=F |
| | | | | Unit=0ES9A, St=DP, Loc=175 ST/144 DR QN |
| 23:13:26 | 8/26/2014 | 1pp-joc02 | | EVENT COMMENT=PLEASE ADVISE 1103 SQUAD CO 10-1 *O P E R A T I O N S* IN REGARDS |
| 23:13:35 | 8/26/2014 | ps1-d30 | 338669 | EVENT COMMENT=AUTHOF 113SP88 --ALL JOBS ARE ONE AND SAME |
| 23:13:50 | 8/26/2014 | ps1-d45 | 351098 | Route=SOD, PCT=0, Sector=ESB9, St=Assigned, P=2, Primary Unit=0ES9T, Primary Member=0, Current=F, Open =T, Type=10S2-INVESTIGATE/POSSIBLE CRIME: SHOTS FIRED/OUTSIDE, Open/Curent=F |
| | | | | Route=SOD, PCT=0, Sector=ESB9, St=Assigned, P=2, Primary Unit=0ES9T, Primary Member=0, Current=F, Open =T, Type=10S2-INVESTIGATE/POSSIBLE CRIME: SHOTS FIRED/OUTSIDE, Open/Curent=F |
| | | | | Route=SOD, PCT=0, Sector=ESB9, St=Assigned, P=2, Primary Unit=0ES9T, Primary Member=0, Current=F, Open =T, Type=10S2-INVESTIGATE/POSSIBLE CRIME: SHOTS FIRED/OUTSIDE, Open/Curent=F |
| | | | | Route=SOD, PCT=0, Sector=ESB9, St=Assigned, P=2, Primary Unit=0ES9T, Primary Member=0, Current=F, Open =F, Type=10S2-INVESTIGATE/POSSIBLE CRIME: SHOTS FIRED/OUTSIDE, Open/Curent=F |
| | | | | Unit=0ES9T, St=AV |
| | | | | Unit=0ESK11, St=AV |
| | | | | Unit=0ES9A, St=AV |
| | | | | Disposition Assigned=90Y |
| 23:13:51 | 8/26/2014 | ps1-d44 | 337972 | Route=CW234, PCT=NYC, Sector=NYC, P=2, Primary Member=0, Current=T, Open =F, Type=10S2-INVESTIGATE/POSSIBLE CRIME: SHOTS FIRED/OUTSIDE, Open/Curent=F |
| | | | | EVENT CLOSED |
| | | | | Disposition Assigned=CANCELEV |

LEWIS00000715

| Time | Date | Terminal | Operator | Event |
|---|---|---|---|---|
| | | | | Event D14082628673 has been displayed by the covering dispatcher |
| | | | | ** >>>> by: 338669 at 08/26/14 23:09:43 on terminal: ps1-d30 |
| | | | | STS OFFICERS N PLAIN CLOTHES OFFICER ON SCENE-----OPER 1091 CP 49 |
| | | | | EMS Unit Dispatched NYPDJobNumber:14082628673 EMSJobNumber:142384005 |
| | | | | DateTime:20140826230948ED EMSOperatorNumber:0844 UnitId:54E1 UnitType:BLS |
| | | | | InitialDispatchFlag:I ETA:2317 Comments: |
| 23:10:06 | 8/26/2014 | ps1-d30 | 338669 | Route=CW234, PCT=NYC, Sector=NYC, St=Pending, P=2, Primary Member=0, Current=F, Open =T, Type=10S2-INVESTIGATE/POSSIBLE CRIME: SHOTS FIRED/OUTSIDE, Open/Curent=F |
| | | | | EVENT COMMENT=End of Nearby Duplicate Event data |
| | | | | ** Cross Referenced to Event # D14082628673 at: 08/26/14 23:10:06 |
| | | | | ** >>>> by: DETRA GREY on terminal: ps1-d30 |
| | | | | CROSS REFERENCED TO EVENT=A14082628673 |
| | | | | CROSS REFERENCED TO EVENT=B14082628673 |
| | | | | CROSS REFERENCED TO EVENT=C14082628673 |
| | | | | CROSS REFERENCED TO EVENT=D14082628673 |
| | | | | CROSS REFERENCED TO EVENT=J14082628673 |
| | | | | CROSS REFERENCED TO EVENT=S14082628673 |
| | | | | CROSS REFERENCED TO EVENT=U14082628673 |
| | | | | CROSS REFERENCED TO EVENT=X14082628673 |
| | | | | CROSS REFERENCED TO EVENT=Y14082628673 |
| 23:10:20 | 8/26/2014 | ps1-d43 | 329445 | EVENT COMMENT=Event U14082628596 has been displayed by the covering dispatcher |
| | | | | ** >>>> by: 329445 at 08/26/14 23:10:20 on terminal: ps1-d43 |
| 23:10:35 | 8/26/2014 | ps1-d43 | 329445 | EVENT COMMENT=XMTD OVER SPEC A CW 2134 |
| 23:10:36 | 8/26/2014 | ps1-rsqs | 328085 | EVENT COMMENT=OPS SARNOFF |
| 23:11:12 | 8/26/2014 | ps1-rsqs | 328085 | EVENT COMMENT=OPS SARNOFF NTFD---SPCT LOVITT |
| 23:11:14 | 8/26/2014 | s11mt9mdt02 | 1 | EVENT COMMENT=EMS Unit Onscene NYPDJobNumber:14082628596 EMSJobNumber:142383988 |
| | | | | DateTime:20140826231113ED EMSOperatorNumber:2645 UnitId:54A1 UnitType:BLS |
| | | | | RouteFlag:N Comments: |
| 23:11:24 | 8/26/2014 | ps1-d116 | 325196 | Route=CW3A, PCT=NYC, Sector=NYC, P=2, Primary Member=0, Current=T, Open =F, Type=10S2-INVESTIGATE/POSSIBLE CRIME: SHOTS FIRED/OUTSIDE, Open/Curent=F |
| | | | | EVENT CLOSED |
| | | | | Disposition Assigned=CANCELEV |
| 23:11:30 | 8/26/2014 | s11mt9mdt02 | 1 | EVENT COMMENT=EMS Unit Onscene NYPDJobNumber:14082628596 EMSJobNumber:142383988 |













```
                    DINEEN - CROSS - LEWIS                    460
```

1  verbal commands.
2  Q   You don't remember an officer punching me in my face?
3  A   No.
4  Q   Do you remember me asking you please don't handcuff
5  this wrist, I got shot in it?
6  A   No, I don't.
7  Q   You don't remember somebody saying fuck his wrist,
8  excuse my language, put the cuffs on that wrist?
9            MR. LAX:  Objection, your Honor.
10 Q   Do you remember that?
11 A   No, I don't.
12 Q   You don't?
13 A   I don't.
14 Q   You don't remember trying to grab my wrist and saying
15 I'll hold it for you, put it on?
16 A   I remember grabbing your right wrist and trying to get
17 your right wrist behind your back.
18 Q   Well, let me introduce Defendant's Exhibit Y for
19 identification purpose.  And I want to introduce it into
20 evidence.  This is Defendant Exhibit Y.
21           THE COURT:  What is it?
22           MR. LEWIS:  It's a picture of the wrist.
23           THE COURT:  Have you seen it, Mr. Lax?
24           MR. LAX:  I have seen it, your Honor.  I have seen
25 the photograph, yes.