TRULINCS 85350053 - LEWIS, OSWALD - Unit: BRO-J-C

------------------------------------------------------------------------------------------

FROM: 85350053
TO: Evans, Tony; Lewis, Arlene
SUBJECT: PSR/ PAGES 1 TO 5
DATE: 09/25/2016 05:19:25 PM

PRESENTENCE REPORT INACCURACIES:
The presentence report follows defendant through the system. Since the only issue under consideration is an appropriate sentence for the accused, the relevance of any evidence offered should be measured in terms of its probative value. Defendant has a due process right to be sentenced on accurate information. Mccarty V. PEOPLE 874 P. 2D 394 (colo 1994).

VICTIM IMPACT STATEMENTS IN PSR:
Pursuant to 18 U.S.C 3771 to be considered a victim the government must first prove existence of any causal connection between defendant's charged offense and victim specific losses or injuries suffered let alone prove that defendant's offense was material and proximate cause of any injuries cause by defendant. The DUSM'S SUFFERED NO INJURIES THEREFORE NOT ENTITLE TO VICTIM STATUS TO WRITE IMPACT STATEMENTS IN PSR. THE DEFENDANT OBJECTS TO VICTIM IMPACT STATEMENTS AND RESPECTFULLY MOVES TO STRIKE IMPACT STATEMENTS AND OTHER PREJUDICIAL SURPLUSAGE FROM PSR. STATEMENTS ARE FILLED WITH PERSONAL OPINIONS OF US MARSHAL's and have unrelated issues that are not related directly to the circumstances of the offense, or a direct harm. Instead it is gear towards there own opinion of punishment. Nothing in the "CVRA STATUE' requires the right for impact statements to be appended to the PSR. See UNITED STATE V. BURKHOLDER 590 F. 3d 1071 2009.THE COURT SHOULD FOLLOW FED R. CRIM P. 32 (i)(3)(B).

UNDER THE STATUE 18 U.S.C 3771 (CVRA), ALSO KNOW AS THE CRIME VICTIM'S RIGHT'S ACT. The definition for purpose of this statue: The term victim means the persons against whom the offense is committed or, if that person is killed or incapacitate, also crime victim means a person directly and proximately harmed as result of the commission of a federal offense. There was no shooting by the defendant inside the apartment towards the US Marshal's so there can be no victim.

Congress intended to negate ordinary requirement of proximate cause by defining victim as person "HARMED" as result of defendant's offense. Furthermore the burden of proof is on the government to prove that a victim exist. Trial testimony nor charging document stated DUSM's as victims, the burden of demonstrating the US MARSHAL'S loss or injuries sustained as a result of the offense shall be on the attorney for the government. When evidence presented in record does not support a finding that the defendant proximately caused any harm to the officers, then there is no victim rights under any statue. The victim impact statement where no victim exist is a violation of due process. Letters by DUSM's to the court would suffice. The Impact Statements can cause defendant harsher treatment by correction staff throughout the system by its share nature. The statements have no place in the PSR. Pursuant to Fed R. crim P. 32.(i)(4)(b). this is a clear violation, the impact statements should be STRICKEN FROM PSR before sentencing.

One Court in this district stated: Any persons who would be considered a crime victim is if the government were to establish the truth of the factual allegations in its charging instrument. The use of impact statements is inconsistent with the evidence and should be removed as material is to prejudicial to be allowed to follow defendant through the system. The remarks are personal feelings from law enforcement and most are false contradictory statements that have no evidentiary basis in a PSR.

Finally, See United States v. MERKOSKY NO. 1: 02-CR-0168-01 U.S DIST. 29968 2008). Embarrassing or humiliating feeling of court proceedings does not relate to being a victim of a crime nor does law enforcement requesting the court to give harsher punishment meets this victim status were no loss or harm in evidence or victim proven. The government did not establish direct and proximate harm to DUSM's resulting from defendant's offense. Furthermore the record is clear the DUSM's cause significant harm to defendant. Since no accused can be considered victim under the CVRA, civil suit would be proper remedy such action was taken by the defendant. The record is clear who was victimized. Under CVRA Congress enacted victims right bill, that was interpreted not to refer to uncharged conduct. Also See United State v Turner 367 f.supp 2d 319 326 E.D.N.Y 2005). Definition of victim.

CORRECTIONS:

1. ARREST DATE: THE CORRECT ARREST DATE IS August 26, 2014.This should be corrected.

2. ALIAS: DEFENDANT REQUEST TO STRIKE FROM THE PSR: GREEN, DRE, LEWIS OSWELD ALEXANDER, GREEN,JR JOHN, X DRE, LOUIS, ALEX, X JUNIOR. The defendant never used these alias. The only arrest alias and alias on records listed:(1) Louis Alexander(2) John Green(3) Andre Jackson (4) Leslie Howard. Alias not numbered should be treated as

TRULINCS 85350053 - LEWIS, OSWALD - Unit: BRO-J-C

---

surplusage.

PSR PARAGRAPHS:

10. OFFENSE CONDUCT: When factual issues are raised regarding the possession of the weapon or its connection to the offense the district court must make specific findings. United States V. Smith 174 f. 3d 52,53 (2d cir 1999), or the sentence will be reversed. Stressing: the importance of factual findings at sentencing at the district Court level. The offense conduct in the PSR again changes the government's theory. Inserting more conduct not mention, omitting the hallway version, using the bedroom version, now the offense conduct reveals the defendant drops gun and complied, instead of throwing gun outside in a driveway. Using different theories to prosecute and convicted a person is a due process violation and should not be tolerated in any Court.

There is prior inconsistent statement that should be omitted to ensure the due process is not violated. Numerous versions of events varying at different stages of the prosecution must be test for its merit. An evidentiary hearing may be the only reliable way to dispute facts, were there is sufficient evidence of concealed evidence and misrepresented highly material facts to Court mitigating defendant's guilt, in an attempt to railroad defendant with fraudulent evidence. Pursuant to USSG 3661 defendant will seek to introduce at sentencing relevant conduct of officers in the instant case that may have significant probative value.

In fountain V. City of New York Judge Sweet held that the fact CCRB complaints are unsubstantiated does not make them irrelevant and undiscoverable. A defendant is presumptively entitled to discovery of documents on prior complaints and police histories of individual officers because it could yield relevant information Kings V. Conde 121 F. R D 180 198 (E.D. N.Y 1988) Hurley v. keenan 1984 U.S Dist Lexis 16888 at *8 (S.D.N.Y 1984). Any proceeding whether administration, civil or criminal in which one of the officers was alleged to commit or investigated for possible abuse of the type alleged by defendant would be relevant and highly probative information.

On February 26, 2016 Government filed motion UNDER SEAL to preclude NYPD testifying "ballistic expert" witness Jonathan Fox's (tax # 922366), CCRB abuse of authority and excessive force, found substantiated. Again on march 7, 2016 the day, trial began Government filed yet another motion UNDER SEAL to preclude DUSM's drunk driving arrest were he crashed into a vehicle. Also one of the DUSM's who caused arrest injuries to the defendant. The witness never testified. The jury never heard of this or other officers history. There are other civil suits and complaints, allegations against other officers DUSM Sandy Rao (badge # 5115), who shot the defendant had a personal injury claim against him on march 19 2012. NYPD Government witness detective Gallagher from the 113th squad who never testified but was on the government's witness list, also the responding investigator on the crime scene was cited for violating someone rights by entering house without a search warrant and assault, a civil suit was file in that case. Also another NYPD detective Failla (badge # 3446) from 113th squad who was also involved as responding investigator on the scene, was sued for false arrest and malicious prosecution.

Even the government's chief witness NYPD CSU Robin Steneck badge #882 who took photos and placed markers, and haphazardly left identifiable evidence of shell casings unmarked, was sued for malicious prosecution false arrest. The defendant will seek to introduce at sentencing these records and others, because of the high degree of probative value. This shows officers misconduct, and could prove officers had a personal interest in the outcome of the trial proceeding of a police involved shooting, in this instant case. Accordingly, these are not officers with unblemished records, or strangers to allegations of misconduct. Court should take, this into serious consideration, when weighing there credibility, as the allegations of misconduct mirrors the defendant's claims. Also there testimony and statements were all inherently suspect and some even perjured. The defendant has also filed a claim against some of these officers for there total disregard for his constitutional rights.

SPECIFIC EVIDENCE:
Any sentence That increases the penalty for a crime beyond the prescribe statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. If an essential element of the actual conduct, is not present in an offense of e.g. rape, firearm discharge, or any crime requiring DNA, Ballistic or a scientific finding corroborating testimony, were testimony is either inherently suspect or inconsistent a higher level of proof is warranted. The Second Circuit held "Specific Evidence" is that requirement. There was no firearm discharged by defendant towards DUSM's inside apartment. There is no physical evidence to support the Government's theory. Therefore there must be a "Specific Finding" see Shonubi 103 f.3d 1085 (2d cir 1996). Specific evidence of actual conduct.

PARAGRAPHS:

31. BASE OFFENSE LEVEL 10 UNDER USSG 2A2.4 OBSTRUCTING IMPEDING AN OFFICER IN THE LINE OF HIS OFFICIAL DUTIES.

TRULINCS 85350053 - LEWIS, OSWALD - Unit: BRO-J-C

---

See: Enhancements Adjustment /offense computations.see Cirilo-Munoz V. US 404 F. 3d 527,530-535 (1st cir 2005).

32. USSG 2A2.2(b)(2) is inapplicable because of insufficient evidence to warrant this enhancement. The PSR overstates the seriousness of the offense conduct. A higher level of proof is required, when inconclusive evidence is found. Enhancements can not be base on surmise. Esparza V. Mitchell 310 f.3d 414 420-421(6th cir 2002). Banks v. Horn, 271 f.3d 527, 548-50 (3rd cir 2001). Aggravating assault requires more the use of firearm to apply USSG 2A2.2. BECAUSE THE STATUE 111(b) SUFFICIENTLY covers the use of dangerous weapon factor, and jury acquitted defendant on more serious offense conduct of attempted murder which requires aggravating circumstances and minimal planning. See enhancement adjustment/offense computation. See Leon Brady 928 f. 2d 844 1991 U.S. APP 1991 LEXIS 4187.(9TH CIR).

33. The title 18 U.S.C 111 Statue includes the 111(b) penalty enhancement guideline, will be overlapping. This enhancement when it is already included in statue, should only be used for sentencing purpose when bodily injuries are present. Defendant must have acted willfully as opposed to negligently or recklessly United States v. Delis 558 f.3d 177 182(2d cir 2009). See also offenses computations.

34. This enhancement is inapplicable when used under applicable USSG 2A2.4 See adjustment to enhancement/offense computations.

35. Role adjustment is 2 level for use of body armor not four levels. See adjustments to enhancements

38. BASE OFFENSE LEVEL 10 UNDER USSG 2A2.4 OBSTRUCTING IMPEDING AN OFFICER IN THE LINE OF HIS OFFICIAL DUTIES.
Appellate Court reviews interpretation of USSG in correct application of sentencing Guideline DE NOVO. Under 18 U.S.C 111 AND 1114, USSG 2A2.4 applies.  Also see adjustment to enhancements/offense computation.

39. Not applicable USSG 2A2.2(b)(2) insufficient evidence to warrant enhancement. The offense level adjustment are alternative; only the one that best describes the conduct is to be used. For example, in 2A2.2(b)(3), pertaining to degree of bodily injury, the subdivision that best describes the level of bodily injury is used.

46. 2X1.1 is used to calculate the offense level. It borrows the base offense level from the guideline for the offense that was the goal of the crime of conviction See 2X1.1(a).

54. The grouping analysis for all counts with the respect to count 8 should be group together.

62. The 1986 juvenile conviction must be regarded as a juvenile conviction that is time barred. This probationary conviction was no prison sentence and is 29 years old. Defendant should have not been charge as felon in possession. Further the stipulation was illegally enter as evidence in trial with out checking this fact. The PSR stating that the records being destroy on any information concerning this conviction, should make this invalid for use in PSR.

TRULINCS 85350053 - LEWIS, OSWALD - Unit: BRO-J-C

---

FROM: 85350053
TO: Evans, Tony; Lewis, Arlene
SUBJECT: PSR PAGE 4 AND 5
DATE: 09/25/2016 07:43:17 PM

66. Any pending detainer used in PSR: The information most be accurate or it should be removed. Information of the name of AUSA in Eastern District of Virginia must be provided to defendant so he can prove its accuracy, and if so, file the necessary papers for speedy disposition of any IAD art 111(a) issues or motion to dismiss. Under title 18 U.S.C. 3882(a) The statue of limitation time barred Virginia's jurisdiction over the defendant's custody, and a host of other reasons. AUSA failure to prosecute is on record. The defendant has been in custody over 2 years and has raised arguments about the issues concerning arrest warrant on numerous occasions. Previous lawyers have contacted the Eastern district of Virginia, so the record is clear, that the Eastern District of Virginia was aware of the defendant's custody situation. Also the 24 year old warrant the defendant was arrested for is case number (91-00162-02-A) April 29, 1991) placed in the NCIC on April 4, 1991 according to the NCIC data base records to this day. This is the only warrant that was pending in the system from Virginia for the defendant on record that have been received. The warrant case number (CR92-00429-A ) used in PSR has not been in the NCIC under the defendant's name, and is not the warrant the defendant was arrested on. King v. Timmoney 263 F. supp 2d 977.

There is significant issues to argue, concerning this arrest warrant. United States V. Hansel 70 F.3d 6 (2d cir 1995). More alarming is the government and all prior attorney's were aware of statue of limitation issues concerning the Virginia arrest warrant, therefore it should be remove since there are no detainers on record along, with all this dismissed warrant as it can increase classification points. Also see attached papers (exhibit A).The defendant will notify the Attorney's General office, to any misconduct filed by USMS concerning detainers that violates his constitutional rights.

Under title 18 U.S.C. 3231 provides that the District Court of the United States shall have Jurisdiction of all offenses charged against the laws of the United States. The Eastern District Court of New York has authority to recall any federal warrants time barred under title 18 U.S.C 3282 executed in its district AND HAS NOT BEEN RETURN TO DISTRICT FOR FAILURE TO PROSECUTE OR WERE EVIDENCE IS INSUFFICIENT AND VAGUE.

67. OFFENSES OVER 20 YEARS OLD SHOULD BE REMOVED WHEN NOT USED FOR CRIMINAL HISTORY POINTS. Also where the offense is not related to the charged offense conduct.

68. OFFENSES MORE THAN 20 YEARS OLD THAT ARE DISMISSED SHOULD BE REMOVED WHEN NOT USE FOR CRIMINAL HISTORY POINTS. Also where time barred its probative value.

74.The defendant was married in kew gardens Court House the probation department can be provided a copy of the marriage license.

77. see attach complaint filed. The defendant was wearing a hand sling from his injured left hand, which made if difficult to change in and out of jumpsuit. Also the count was done after 12:00 am count time. There was no reason he shouldn't be able to change out of jumpsuit while in cell. Irrelevant issue should be removed, if it is not a serious disciplinary issue.

80. Attach is hospital records disproving this statement on PSR.

81. Attach is the incomplete sessions that was never received. The statement in PSR are inaccurate. The care provided was only six session to assist in being be able to move fingers, at that time, fingers were unable to move. This care has nothing to do with nerve repair or bringing sensation back to fingers which requires internal healing. Furthermore the defendant still suffers from lack of sensation in the tree digits and the neuro-tube in left wrist still causes serious nerve pain that requires daily medication.

88.The company was not under a Corporation. It was under a proprietor. Brooktown apparel and accessories.

89.The company was under a subchapter S corporation and will not be found by internet search but more likely via Albany state Divisions of Corporation data base. 2000

90.The company was under a subchapter S Corporation and will also be found via Albany state, Division of Corporation data base. 2005

INCONSISTENT STATEMENTS IN PSR:

TRULINCS 85350053 - LEWIS, OSWALD - Unit: BRO-J-C

---

The Government Document 38-2 filed 7/15/ 15 page 2 of 2 page id# 116. Last sentence states i knew she called the police on me because she was sleeping with my friend and when i saw my "friend" in the club that night in Brooklyn i lost it and stabbed him. Now Sandy RAO's version in PSR changes to state: the probable cause stabbing suspect by the 77th precinct for the attempted murder of his drug trafficking business partner over a dispute. He goes on to state he is doing god's work by shooting unarm people that were never given any opportunity to surrender. After yelling and screaming for my life, while he and other DUSM's unload multiply rounds recklessly into a close bedroom door where no threat exist, even firing into the next door apartment without any regards for human life. That is not gods work. Rao's felt mock because he was exposed, and though he could do and say anything and his badge would give him the credibility. Thankfully the jury didn't buy it and the Court should not either.

The 113 th precinct: Officers from 113 squad co. who assisted the Marshal's on the night of August 26, 2014 and who continued to assist as responding investigator, walking around and tampering with evidence on the scene, are no strangers to allegations of misconduct. Yet another allegation was filed against the 113 th officers, and Detective Bendig testified for his follow officers in the action brought against numerous officers, in that precinct for: lying under oath, fabricating inculpatory statements, concealing exculpatory information. More alarming is this civil suit claims are the same issues here. The 113th assisted USMS, and was assisting as case investigators, along with 105th precinct. Again the CSU officer Robin Steneck from the 105th was involved in an unrelated suit against her, for false arrest and malicious prosecution. The simple fact that the defendant has raised similar issues concerning missing shell casing, concealing evidence, fabricating crime scene, is an indication of the serious problem as numerous arrested persons raising the same or similar issues of misconduct against the 113th and 105th officers. To turn a blind eye to this facts whether substantiated or not will only make these officers more brazen with assurance, to continue abusing there power and destroying lives unlawfully by way of malicious prosecutions.

The allegations raised by numerous plaintiff's which is in Federal Court records, mirrors the defendant's claims,and proves there propensity for misconduct. This is also an indication of the group of officers on this case, share the same characteristic, of abuse of authority. One complaint stated: The 113th precinct of the NYPD engaged in the fabrication of evidence, concealing of exculpatory evidence, misrepresenting of evidence to prosecution, conducting, warrantless searches, lying in affidavit's and lying in multiple Court proceedings, in order to misrepresent the strength of their investigations and to ensure convictions. (more alarming, these are not my words but from someone else who had contact with this precinct officers).

When officers use firearms, drugs found on a scene as a pretext, to engage in obstructive activity it takes away every moral, legal aspects of a fair judicial process. The defendant is pleading with this Court to view these issues as having a high degree of probative value, into the understanding of this instant case. Police involve shootings cases carries an even higher degree of corruption and obstructive activity, as officers never want to admit to there errors. It is unfair to give the facts and all the obvious issues, raised by defendant and dismiss it, and give it a semblance of legality. What these officers did is wrong. The brutality, the concealing evidence, the manipulation of the crime scene, and there conflicting false statements and testimony from the Grand jury, to trial, from the very beginning of this case is wrong.

DUSM: There is not a police in this country who wouldn't know what bullets his gun holds, or if a person fired once or numerous times at them. Furthermore rules and regulations requires officers to know about there ammunition. More hurtful is the callousness, and wrong and strong attitudes of the DUSM's who left the defendant with permanent physical and emotional injuries. Turning i "got kids" into "hostage" was his teams idea of good police work turning statements into excuses, for there actions because they could never admit to shooting at someone who said i "got kids", "hostage" rhymes, so to them the ends justifying the means. What reasonable persons would say he had a hostage that didn't. Make no sense. There reasoning is, that he had a gun, so we can get away with anything. Bartosh couple of bullets from trial testimony, now states in PSR: that it was a barrage of bullets being fired at him and his team, but evidence fails to show a barrage of shell casing or the holes this barrage of bullets caused. The defendant however knows where every single bullet that nearly killed him went, the impact and the shell casings, the neighbor even knows this fact. Over and over, for over two years the defendant had to endure, argue, write, cry, carry emotional baggage of defending him self from erroneous charges and lying officers.

The difference between the DUSM version of events and the defendant's is the defendant's shows the proof by way of there own conflicting statements, evidence, documents which are all proof. There different version of events are not mistakes or faulty memory but reflects a willful attempt to obstruct justice, and hide the truth and the facts. The only evidence the DUSM gives the Court is there statements, testimony which are all simple made up lies, in bad taste and a reckless fashion. DUSM claims i will be deported and doesn't care to know the defendant is a citizen. The Marshal's don't even care to check what they say, before they say it, raises sufficient doubts concerning there veracity, and proves that they will say anything with a total disregard for its accuracy, or for what is in the record. This frustrates me just to speak like this, but this is an outrage and should not be tolerated in any Court, a civilian would be charged with obstruction of justice. I Respectfully request the court to not allow DUSM'S statements in PSR..IT IS FALSE AND TOTALLY UNRELIABLE.

```
BRODW   541.72  *           SENTENCE MONITORING              *    09-12-2016
PAGE 001 OF 001 *            DISPLAY DETAINERS               *     14:44:52

REGNO.....: 85350-053  LAST NAME: LEWIS              FUNCTION:  DIS
ARS 1.....: BRO A-PRE
COMP NO...: [ ]         JWAR NO..: [ ]                OBLG NO.: [ ]
CURR/PRIOR: C
HARDCOPY..: N


DETAINER NO...: ALL
DATE LODGED...:
AGNCY/JURSDCTN:
DETAINING AUTH:
CHARGE/REMARKS:



DETNR SENTENCE: Y:      M:      D:


DATE REMOVED..:              -OR-    DATE RELEASED TO DETAINER:




S5773      NO DETAINERS EXIST FOR CURRENT COMMITMENT
```

Height      Weight              Date of Birth
5'10"       150

Hair Color  Eye Color           Fingerprint Pattern
Black       Brown               100605TT031307060212 (FPC)

Scars, Marks, and Tattoos
Code                Description, Comments, and Images
SC FHD              , SCAR ON FOREHEAD

Place of Birth
GY
Fingerprint Images

Photo Images
Photo Image Available       STATE POLICE HQ PIKESVILLE MDMSP0000
Available Image             Other
(No Photo Image Transmitted
Comment:Arresting agency has photo associated
                    with arrest date of 1993/05/14)

Caution             WANTED - CONFIRM THAT WANT IS STILL
                    OUTSTANDING. AGENCY-USM HQ ARLINGTON ALEXANDRIA
                    (VAUSM0000)   WANTED-NCIC #W634994495
                    LEWIS,OSWALD   COCAINE   CASE #830059303   DATE OF
                    WARRANT 04/04/1991   NOTIFY VAUSM0000 USM HQ
                    ARLINGTON ALEXANDRIA VA CAUTION - QUERY NCIC
                    FOR REASON OF CAUTION   AND POSSIBLE CROSS
                    REFERENCE INFORMATION   (US; 1991-04-04)
Caution             WANTED - CONFIRM THAT WANT IS STILL
                    OUTSTANDING. AGENCY-SHERIFF'S OFFICE BEL AIR
                    (MD0130000)   WANTED-NCIC #W384355975
                    JACKSON,ANDRE BERNARD   FAILURE TO APPEAR - SEE
                    MIS (IDENTIFY   ORIGINAL OFFENSE)   CASE
                    #W00019409   DATE OF WARRANT 10/14/1993   NOTIFY
                    MD0130000 SHERIFF'S OFFICE BEL AIR MD
                    CAUTION-QUERY NCIC FOR REASON OF CAUTION   AND
                    POSSIBLE CROSS REFERENCE INFORMATION   (MD;
                    1993-10-14)

************************   CRIMINAL HISTORY   ************************

============================= Cycle 001 =============================
Earliest Event Date    1993-05-14
---------------------------------------------------------------------
Arrest Date            1993-05-14
Arrest Case Number     M6874
Arresting Agency       MDMSP0000 STATE POLICE HQ PIKESVILLE
Subject's Name         JACKSON,ANDREW BENARD
Charge                 01
        Charge Literal SMUGGLING CDS
               Severity
Charge                 02
        Charge Literal POSSESSION CDS COCAINE
               Severity
Charge                 03
        Charge Literal POSSESSION CDS COCAINE INT DIST
               Severity
************************   INDEX OF AGENCIES   ************************

Agency                 FBI-CJIS DIV-CLRKSBG CLARKSBURG; WVFBINF00;
Address
                       1000 CUSTER HOLLOW RD
                       CLARKSBURG, WV 26306

LEWiS00000031

  g. Other penalties: removal, as set forth below in paragraph 13; and criminal forfeiture as set forth below in paragraphs 7 through 12
(18 U.S.C. §§ 924(d)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c)).

The Eastern District of Virginia Indictments:

  2. In connection with the indictments in United States v. Oswald Lewis, et al., 91-162-A (E.D.Va.) and United States v. Oswald Lewis, et al., 92-429-A (E.D.Va.), the defendant now agrees that he will waive indictment, venue, and the statute of limitations, and plead guilty to a single-count information to be filed in this district, charging a violation of 21 U.S.C. § 846 (the "EDNY Information"). The count carries the following statutory penalties:

  a. Maximum term of imprisonment: Life
(21 U.S.C. § 841(b)(1)(A)(iii)).

  b. Minimum term of imprisonment: 10 years
(21 U.S.C. § 841(b)(1)(A)(iii)).

  c. Maximum supervised release term: 5 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 5 years without credit for pre-release imprisonment or time previously served on post-release supervision
(18 U.S.C. § 3583 (b) & (e)).

  d. Maximum fine: $10,000,000
(21 U.S.C. § 841(b)(1)(A)(iii)).

  e. Restitution: N/A.

  f. $50 special assessment
(18 U.S.C. § 3013).

  g. Other penalties: removal, as set forth below in paragraph 13.

The sentences imposed on Count One of the EDNY Indictment and the count in the EDNY Information may run consecutively. Pursuant to 18 U.S.C. § 924(c)(1)(D)(ii), the sentence