UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

    - against -

OSWALD LEWIS,

                Defendant.
-------------------------------------------------------x

MEMORANDUM AND ORDER
14-CR-0523 (ILG)

**GLASSER**, Senior United States District Judge:

Pending before the Court is defendant Oswald Lewis' motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [ECF No. 203]. On the basis of the COVID-19 pandemic, Lewis seeks to be released from his prison term early. The Government opposes his motion. [ECF No. 205]. For the following reasons, Lewis' motion is **DENIED**.

## BACKGROUND

On August 26, 2014, law enforcement officers with the United States Marshals Service and the New York City Police Department attempted to execute an arrest warrant for Lewis at his apartment in Queens, New York. Pre-Sentence Report, dated July 29, 2016 [ECF No. 141] ("PSR"), at ¶ 10. The officers knocked on the door of Lewis' apartment and announced their presence, but no one answered. After announcing their presence a second time and again receiving no response, the officers made a forcible entry into Lewis' apartment. *Id.* at ¶ 12. The officers approached a bedroom that had a closed door through which they heard the sound of a gun being loaded. As one of the officers reached for the doorknob, Lewis, who was wearing ballistic armor with a holster, announced to the officers that he was holding a hostage and that they should leave the premises, or he would kill the hostage. *Id.* at ¶ 13. As the officers began backing off, Lewis cracked open the door, aimed straight at the officers, and began shooting. He then began to shoot out of the rear of his apartment at members of the New York City Police Department while he

1

attempted to flee out a window. *Id.* During the exchange of gunfire, Lewis was shot in the arm, at which point he stopped shooting and surrendered. *Id.* at ¶ 14. A subsequent search of Lewis' apartment revealed two handguns, ammunition, small plastic baggies, and a digital scale. *Id.* at ¶ 15. He also admitted to having two additional handguns and body armor at another address in New Jersey. *Id.*

On March 10, 2016, a jury found Lewis guilty of six of eight counts of a Second Superseding Indictment. [ECF No. 119]. The six counts charged Lewis with assault on federal officers and police detectives assisting federal officers, unlawful use and possession of a firearm, being a felon in possession of a firearm, being a fugitive in possession of a firearm, and unlawful possession of a firearm with an obliterated serial number. PSR at p. 3. The Government subsequently moved to dismiss the charge of being a fugitive in possession of a firearm. Judgment in a Criminal Case [ECF No. 170], at 1. Lewis' total offense level was 33. PSR at ¶ 60.

His criminal record included only a single conviction for the sale of cocaine in New York, giving him a criminal history category of I. *Id.* at ¶¶ 62, 64. However, Lewis was and still is considered a fugitive in the Eastern District of Virginia, where he was indicted on still-pending drug distribution conspiracy charges. The Assistant U.S. Attorney in the Eastern District of Virginia indicated that his office would seek the extradition of Lewis upon completion of Lewis' sentence in this case, which, coincidentally, arose from the Marshals attempting to serve a warrant from the Eastern District of Virginia. *Id.* at ¶ 66. Lewis has also been arrested for drug-related offenses in Maryland and North Carolina, failing to appear in court in both cases. Due to the age of those cases and a lack of evidence so long after the arrests occurred, both cases have now been dismissed. *Id.* at ¶¶ 67-68. In addition to these arrests, Lewis has used several Social Security

2

numbers, aliases, and dates of birth in official identification and with respect to prior criminal arrests. *Id.* at ¶ 65.

The Sentencing Guidelines recommended 135-168 months imprisonment in addition to a mandatory ten-year term of incarceration to be served consecutively for the unlawful use and possession of a firearm. *Id.* at ¶¶ 97-99. On October 20, 2016, the Court imposed a sentence of 168 months imprisonment to be followed by 120 months imprisonment, for a total of 288 months. Judgment in a Criminal Case [ECF No. 170], at 3. Lewis is currently scheduled to be released on February 7, 2035.

## DISCUSSION

### I.      Law

18 U.S.C. § 3582(c)(1)(A)(i) provides that

the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that [] extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i). The referenced § 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed," "any pertinent policy statement," and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). What constitutes an "extraordinary and compelling" reason is entirely within the district court's discretion. *United States v. Giddens*, No. 20-3270, 2021 WL 5267993, at *2 (2d Cir. Nov. 12, 2021); *see also United States v. Kimbell*, No. 21-288, 2021 WL

3

5441249, at *1 (2d Cir. Nov. 22, 2021) ("The determination as to what constitutes extraordinary and compelling reasons warranting a reduction is committed to the sound discretion of the district court."); *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) ("[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release.").

Because relief under this statute is only appropriate when all three required conditions are in place, namely, administrative exhaustion, satisfaction of the § 3553(a) factors, and extraordinary and compelling reasons, "if a district court determines that one of those conditions is lacking, it need not address the remaining ones." *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (holding that "when a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction").

## II.     Application

Lewis argues that his underlying medical conditions – asthma, neuropathy, anxiety and depression, obesity, and an injury to a nerve in his forearm – place him at high risk from COVID-19.  The Court has previously held that the threat of exposure to the coronavirus does not, without more, provide an extraordinary and compelling reason to warrant granting a petition for compassionate release.  *United States v. Locascio*, No. 90-cr-1051, 2020 WL 12719849, at *4 (E.D.N.Y. July 17, 2020) (collecting cases).  A claim of entitlement to relief that is bottomed upon the existence of a risk that is applicable to the community at large is unpersuasive.  In other words, to paraphrase Chief Judge Cardozo, risk in the air, so to speak, will not do. *Palsgraf v. Long Island*

4

*R. Co.*, 162 N.E. 99, 99 (N.Y. 1928).  More is required:  a credible, real probability, not a mere undefined possibility.

There are four reasons why Lewis has not shown that the threat to him from the COVID-19 virus constitutes an extraordinary and compelling reason for purposes of the First Step Act. First, Lewis' medical records reveal that he previously tested positive for COVID-19 but did not suffer any adverse effects.  [ECF No. 205-2], at p. 5.  This fact alone undermines his contention that he is at a high risk from the virus.  Second, Lewis refused a COVID-19 vaccine when he was offered one.  *Id.* at 33.  Lewis cannot claim he is at risk from COVID-19 at the same time as refusing the protection from it that he is offered.

Third, Lewis has not provided any evidence showing that the facility at which he is currently incarcerated, or the Bureau of Prisons more generally, is unable to treat his medical conditions or protect him from the risks he is facing from COVID-19.  He offers no evidence, other than *ipse dixit*, to warrant a finding that the Bureau of Prisons is violating its statutory duty to "provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States," 18 U.S.C. § 4042, given the existing circumstance of a pandemic.  In fact, Lewis and the Government submit medical records showing that he is receiving medical care and is not experiencing any problems from his underlying medical conditions.  [ECF Nos. 203-1, 205-2]. Fourth, although the Court is not required to consider the specific conditions of confinement at the facility where Lewis is incarcerated, *see Keitt*, 21 F.4th at 72 n.3, it notes that the Bureau of Prisons currently indicates that there are no active cases among more than 1,600 inmates at the facility where Lewis is incarcerated, indicating that his risk of exposure to the virus is actually low.  Bureau of Prisons, COVID-19 Update, https://www.bop.gov/coronavirus/ (last visited April 22, 2022).

Having proffered no compelling and extraordinary circumstances that would justify a reduction in sentence, the Court may not modify the sentence once imposed. 18 U.S.C. § 3582(c); *Keitt*, 21 F.4th at 73. A reference to, and brief discussion of, the § 3553(a) factors is therefore superfluous. However, for the benefit of the record, the Court notes that the § 3553(a) factors were considered when the sentence was imposed and that they have not been affected by time. The need for the sentence imposed, which was just when it was rendered, has not become "inequitable"[1] during the course of his incarceration. The Court recalls its analysis at the time of Lewis' sentencing, including its review of the brazenness of Lewis' conduct, his lack of remorse and denial of responsibility, and his long-running disrespect for the law. This disrespect was evidenced by a criminal record that included a conviction for the sale of cocaine in New York and a still-pending drug distribution conspiracy charge in Virginia. The Virginia charge is especially noteworthy because it alleged that he was a leader of a distribution operation and was responsible for recruiting and directing others. A detainer is in place and he will be extradited to the Eastern District of Virginia upon completion of his current sentence. Lewis has been a fugitive for more than 30 years and has had outstanding warrants in three different states, though at least two of these have now been cancelled due to their age. PSR at ¶¶ 62-68. Lewis' contention that he is not a danger to the community because his offense was only "a fortuitous encounter and aberration," [ECF No. 203], at 12, demonstrates that he is still not accepting responsibility for his dangerous and violent actions that could have caused the injury or deaths of law enforcement officers. [ECF No. 141-1], at 3. Of his 24-year sentence – the length of which indicates the seriousness of his crime – Lewis has served less than one-third, and less than the statutorily required 10-year

---

[1] The legislative history of the amendment to § 3582(c) reflects the view that relief is appropriate where continued incarceration under the circumstances would be "inequitable." *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (quoting S. Rep. 98-225, at 121 (1983)).

minimum his crimes required.  To permit his release at this point would be inconsistent with the

objectives of sentencing, which have not changed over time.

## CONCLUSION

For the foregoing reasons, Lewis' motion is **DENIED**.


SO ORDERED.

Dated:      Brooklyn, New York
            April 22, 2022

                                        /s/
                                        I. Leo Glasser
                                        Senior United States District Judge