UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA

    - against -

OSWALD LEWIS,

               Defendant.
------------------------------------------------------------x

MEMORANDUM AND ORDER
14-CR-0523 (ILG)

**GLASSER**, Senior United States District Judge:

      Pending before the Court is a 29-page submission from defendant Oswald Lewis that purports to include three separate motions: a motion to recuse pursuant to 28 U.S.C. §§ 144 and 455(a); a motion to reconsider the Court's denial of his earlier motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i); and a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c). [ECF No. 209]. For the following reasons, each of Lewis' motions is **DENIED**.

## BACKGROUND

      A detailed recitation of Lewis' history is set forth in the Court's earlier Memorandum and Order denying his motion for compassionate release. *United States v. Lewis*, No. 14-CR-0523 (ILG), 2022 WL 1205093, at *1 (E.D.N.Y. Apr. 22, 2022). For the benefit of the reader, a brief summary is recounted here.

      Lewis was, for many years, a fugitive from justice in multiple states. On August 26, 2014, officers from the United States Marshals Service and the New York City Police Department attempted to execute an arrest warrant for Lewis at his apartment in Queens, New York. Pre-Sentence Report, dated July 29, 2016 [ECF No. 141] ("PSR"), at ¶ 10. Receiving no response to their announced presence, they forcibly entered his apartment and approached a closed bedroom from which they recognized the sound of a gun being loaded. Lewis announced that he was

1

holding a hostage who he would kill if the officers did not leave the premises.  Not wanting to endanger a hostage, the officers began to retreat when Lewis opened the door and began shooting at them.  Gunfire was exchanged; Lewis was shot in the arm and surrendered.  A search of the apartment revealed a small arsenal of two handguns, ammunition, drug paraphernalia, small plastic bags, and a digital scale.  *Lewis*, 2022 WL 1205093, at *1.

Following a four-day trial, Lewis was convicted on six counts of assault on federal officers and police detectives assisting federal officers, unlawful use and possession of a firearm, being a felon in possession of a firearm, being a fugitive in possession of a firearm, and unlawful possession of a firearm with an obliterated serial number.  PSR at 3; [ECF No. 119].  He was sentenced to a term of 288 months.  Judgment in a Criminal Case [ECF No. 170], at 3.  Lewis appealed his conviction and sentence.  [ECF No. 175].  While that appeal was pending, Lewis also moved to vacate his conviction pursuant to 28 U.S.C. § 2255.  [ECF No. 180].  That motion was denied, and its denial was also appealed.  [ECF Nos. 197, 198].  The United States Court of Appeals for the Second Circuit rebuffed both appeals, affirming his conviction, his sentence, and the denial of his motion to vacate.  [ECF No. 202].  Six months later, Lewis moved for compassionate release pursuant to 18 U.S.C. § 3582(c).  [ECF No. 203].  The Court denied that motion, finding that he failed to demonstrate any extraordinary or compelling circumstance that warranted a sentence modification.  [ECF No. 207].  His appeal of that decision remains pending before the Second Circuit.  [ECF No. 208].

Lewis is currently scheduled to be released on February 7, 2035.  Upon his release he may be extradited to the Eastern District of Virginia to face still-pending drug distribution conspiracy charges there.

## DISCUSSION

**I.      Motion to Recuse**

The bases upon which the recusal motion is made are Sections 144 and 455(a) of Title 28 of the United States Code.  His motion is both untimely and meritless.

Section 144 provides, in relevant part,

> [w]henever a party to any proceeding in a district court makes and files a *timely* and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding (emphasis added).

Section 455 provides, in relevant part,

> (a) Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. § 455.  Sections 144 and 455(a) are patently inconsistent in two respects: first, Section 144 requires the filing of an affidavit to institute the recusal proceeding, while Section 455 does not; second, a proceeding pursuant to Section 144 requires the assignment of another judge to hear the proceeding, while a proceeding pursuant to Section 455 permits a judge to disqualify himself.

Despite the language of Section 144 "the mere filing of an affidavit of prejudice does not require referral."  *LoCascio v. U.S.*, 473 F.3d 493, 498 (2d Cir. 2007).  "On the contrary," the Second Circuit has explained, "a judge has an affirmative duty to inquire into the legal sufficiency of such an affidavit and not to disqualify himself unnecessarily, particularly 'where the request for disqualification was not made at the threshold of the litigation and the judge has acquired a valuable background of experience.'"  *Id.* (quoting *Nat'l Auto Brokers Corp. v. Gen. Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978)).  "A judge is as much obliged not to recuse himself when it is

3

not called for as he is obliged to when it is." *In re Literary Works in Elec. Databases Copyright Litig.*, 509 F.3d 136, 140 (2d Cir. 2007) (quoting *In re Drexel Burnham Lambert Inc.,* 861 F.2d 1307, 1312 (2d Cir. 1988)).

"The decision whether to grant or deny a recusal motion . . . is a matter confided to the district court's discretion," and "the substantive standard for recusal is whether a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned." *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987); *see also Garofalo v. Gravano*, 23 F. Supp. 2d 279, 286 (E.D.N.Y. 1998) (quoting *In re United States*, 666 F.2d 690, 695 (1st Cir. 1981) (Coffin, J.)). The denial of motions and requests for relief during a proceeding, as well as opinions formed by a judge therein, are not appropriate bases for recusal; rather, "bias and prejudice that is alleged to be disqualifying must come from an extrajudicial source." *Garofalo*, 23 F. Supp. 2d at 285; *see also Balkany v. U.S.*, 751 F. App'x 104, 107 (2d Cir. 2018) (citing *Liteky v. U.S.*, 510 U.S. 540, 544 (1994)).

Here, there can be no question that Lewis' motion is untimely. It is now six years since his trial—at which he meaningfully participated—and the entry of judgment against him. There have been multiple post-trial motions briefed, decided, and affirmed on appeal. *See* [ECF Nos. 122, 139, 146, 149, 150, 153, 173, 174, 175, 180, 197, 198, 202, 203, 207, 208]. The purported evidence upon which Lewis bases his motion is not new but runs from post-trial motions that were decided years ago all the way back to the initial arrest warrant that led to the nearly fatal incident for which he is now in prison. *See* [ECF No. 209], at 2-5. It is thus clear that Lewis has not made his motion "at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim," *Apple*, 829 F.2d at 333, and that he has shown no cause for delay. On these facts, Lewis' motion is appropriately denied as untimely. *See U.S. v. Galanis*, 844 F. App'x

4

400, 403 (2d Cir. 2021) (recusal motion was appropriately denied as untimely where it was brought nine months after entry of judgment); *Azrelyant v. The B. Manischewitz Co.*, No. 98-CV-2502 (ILG), 1999 WL 1129619, at *2 (E.D.N.Y. Oct. 27, 1999)(denying recusal motion brought 18 months after denial of relief, where the movant actively participated in the proceedings, and where granting the motion would be to squander judicial resources); *In re 183 Lorraine St. Assocs.*, No. 95-CV-4514 (ILG), 1996 WL 148333, *2 (E.D.N.Y. Mar. 15, 1995) (denying recusal motion that was not brought at the earliest possible moment but after the expenditure of significant judicial resources to the matter).

Moreover, the adverse rulings made during the course of the trial, as well as during pre- and post-trial proceedings, of which his motion is replete, are the only reasons Lewis gives for his claim of judicial bias and prejudice. They were all raised and rejected on appeal. It has been hornbook law for many years that bias and prejudice must come from an extra-judicial source. There is not a jot or a tittle of an extra-judicial source or event in his extensive submission. Because Lewis does not present any reasons other than actions taken during his trial and as part of a judicial proceeding, his motion also fails on the merits.

## II.     Motion to Reconsider

Lewis next moves for reconsideration of his motion for compassionate release. While Lewis' appeal of the Court's denial is pending, the Court is divested of jurisdiction. However, Fed. R. Crim. P. 37 provides

> [i]f a timely motion is made for relief that the court lacks authority to grant because
> of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for
> that purpose or that the motion raises a substantial issue.

5

Because the motion was brought well beyond 14 days of the Court's decision, it is untimely. *See* L. Civ. R. 6.3; L. Crim. R. 49.1(d). The Court therefore denies the motion for reconsideration.

### III.   Motion for Sentence Reduction

The final motion Lewis makes is a motion for a sentence reduction. Although Lewis indicates on the title page of the motion that it is being brought pursuant to 18 U.S.C. § 3582(c)(2), the argument he makes is predicated on 18 U.S.C. § 3582(c)(1) and the purported existence of extraordinary and compelling circumstances. *See* [ECF No. 209], at 22-29. Under either statute, the Court is required to consider the Section 3553(a) factors. *See* 18 U.S.C. §§ 3582(c)(1)(A), 3582(c)(2). To this point, the Court simply repeats what it wrote in its prior order denying Lewis' motion for compassionate release:

> the Court notes that the § 3553(a) factors were considered when the sentence was imposed and that they have not been affected by time. The need for the sentence imposed, which was just when it was rendered, has not become "inequitable"[1] during the course of his incarceration. The Court recalls its analysis at the time of Lewis' sentencing, including its review of the brazenness of Lewis' conduct, his lack of remorse and denial of responsibility, and his long-running disrespect for the law. This disrespect was evidenced by a criminal record that included a conviction for the sale of cocaine in New York and a still-pending drug distribution conspiracy charge in Virginia. The Virginia charge is especially noteworthy because it alleged that he was a leader of a distribution operation and was responsible for recruiting and directing others. A detainer is in place and he will be extradited to the Eastern District of Virginia upon completion of his current sentence. Lewis has been a fugitive for more than 30 years and has had outstanding warrants in three different states, though at least two of these have now been cancelled due to their age. PSR at ¶¶ 62-68. Lewis' contention that he is not a danger to the community because his offense was only "a fortuitous encounter and aberration," [ECF No. 203], at 12, demonstrates that he is still not accepting responsibility for his dangerous and violent actions that could have caused the injury or deaths of law enforcement officers. [ECF No. 141-1], at 3. Of his 24-year sentence – the length of which indicates the seriousness of his crime – Lewis has served less than one-third, and less than the statutorily required 10-year minimum his crimes required. To permit

---

[1] The legislative history of the amendment to § 3582(c) reflects the view that relief is appropriate where continued incarceration under the circumstances would be "inequitable." *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (quoting S. Rep. 98-225, at 121 (1983)).

6

> his release at this point would be inconsistent with the objectives of sentencing, which have not changed over time.

*Lewis*, 2022 WL 1205093, at *3. Nothing of import has occurred in the three months since the Court wrote those words such that Lewis' sentence should be reduced. Having found that the Section 3553(a) factors do not favor relief, the Court need go no further. *See United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (holding that "when a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction"). His motion is denied.

## CONCLUSION

For the foregoing reasons, Lewis' motions are **DENIED**.

SO ORDERED.

Dated:      Brooklyn, New York
            July 26, 2022

                                        /s/
                                        I. Leo Glasser
                                        Senior United States District Judge

7